_____

No. 95-1801
_____

Coldwell Banker Relocation          *
Services, Inc.,                     *
                                    *
      Plaintiff - Appellee,         *    Appeal from the United States
                                    *    District Court for the
      v.                            *    Western District of Missouri
                                    *
TRW Title Insurance Company,        *           [UNPUBLISHED]
                                    *
      Defendant - Appellant.        *

_____

                Submitted:   December 13, 1995

                   Filed:   January 8, 1996
_____

Before MAGILL, BRIGHT, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     After a two day bench trial, the district court[1] entered
judgment against TRW Title Insurance Company (TRW), holding it
responsible to Coldwell Banker Relocation Services, Inc. (Coldwell)
for an amount Coldwell paid to the purchasers of a residential
property.  The purchasers received defective title when a TRW title
insurance agent stole funds from an escrow account rather than
retiring the prior mortgage.  TRW appeals from the judgment, and we
affirm.

     TRW issues title insurance through agents, one of whom was
John R. McCarty.  McCarty's contract with TRW specified that he was

_____

     [1]The Honorable Dean Whipple, United States District Judge
for the Western District of Missouri.

its agent for the issuance of title insurance but not for escrow services performed during closings of real estate transactions. McCarty performed escrow services at the closing on November 10, 1992 which gave rise to this case; TRW was the title insurer, and Coldwell owned legal title to the Kansas City house being sold. Rather than applying the purchase price to pay off the existing mortgage, McCarty kept the money. The purchasers sued Coldwell because they did not receive title free of the prior mortgage. Coldwell paid off the prior mortgage and brought this action against TRW under the theory that a principal is responsible for authorized acts of its agent.[2]

Although the agency agreement explicitly stated that McCarty was not an agent of TRW when performing escrow services, the district court concluded that McCarty had implied authority to act as TRW's agent during the closing and that TRW was therefore liable for the loss incurred by Coldwell because of his theft. The court also found that Coldwell had a right of equitable subrogation, and invoked its equitable powers because it concluded TRW was more at fault than Coldwell in producing the loss.

TRW argues that the contractual clause excluding escrow services from McCarty's agency should control. TRW claims that even if McCarty did have authority at some point, it withdrew that authority before the date of the closing. It also contends that any authorization of McCarty did not extend to Kansas, the site of the real estate. Finally, TRW argues that the court erred in finding liability based on equitable subrogation and under its general equitable powers.

There is ample evidence in the record, however, to support the

_____

[2]Coldwell obtained a default judgment against McCarty Title Services, Inc., of which McCarty was president. McCarty was convicted and sentenced for defalcation before the trial began.

-2-

court's judgment based on its findings and legal conclusions regarding agency. TRW knew that McCarty regularly performed escrow services at the closings of transactions on which he had written a TRW title insurance policy. It also knew that McCarty used the TRW logo on a flyer which described McCarty Title Services Company as a "title insurance and escrow agency." Before the sale contract for the transaction in question here was signed, TRW learned that McCarty had been terminated previously by another title insurer for refusing to allow an audit of his escrow account and that the insurer suspected foul play. TRW attempted to audit McCarty in September 1992, but McCarty would not cooperate. TRW then gave McCarty notice that his agency would be terminated in thirty days, but it later extended that period.

Prior to the closing at issue here, TRW did take some steps to limit McCarty's activities, but a letter to McCarty listing the transactions he should not close did not mention the transaction in this case. Finally, TRW had issued an Insured Closing Protection Letter (ICPL) to the underwriter in this case. Although TRW purports to have canceled the ICPL before the closing, one of its officers made comments that led the underwriter to believe that it would continue to indemnify the underwriter for harms caused by McCarty related to the transaction. The district court concluded that the facts were sufficient to constitute an implied agency under Missouri law and found for Coldwell.

After a thorough review of the record, we conclude that the findings and legal conclusions of the district court regarding McCarty's implied authority to act as the agent of TRW while performing escrow services at the closing were neither clearly erroneous nor contrary to law. We therefore affirm the judgment on that basis without further discussion. See 8th Cir. R. 47B.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.